IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ULTIMATE ELECTRONICS, INC., *et al.*,[1] | ) | Case No. 05-10104 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Hearing Date: April 8, 2005, at 9:30 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 1, 2005, at 4:00 p.m. (Prevailing Eastern Time)**

## APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF HURON CONSULTING SERVICES, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ULTIMATE ELECTRONICS, INC.

The Official Committee of Unsecured Creditors (the "Committee") of Ultimate Electronics, Inc. ("Ultimate Electronics"), by this application (the "Application") hereby requests an Order of this Court authorizing the employment of Huron Consulting Services, LLC ("Huron") as financial advisor for the Committee, *nunc pro tunc* to February 3, 2005, pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Application, the Committee respectfully represents:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]  The Debtors are the following entities: Fast Trak, Inc.; Ultimate Intangibles Corp.; Ultimate Leasing Corp.; Ultimate Electronics Partners Corp.; Ultimate Electronics Leasing LP; Ultimate Electronics Texas LP.

2.      The statutory predicated for the relief requested herein is section 1103 of the Bankruptcy Code, as complemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On January 11, 2005 (the "Petition Date"), Ultimate Electronics filed voluntary petitions in this Court for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 cases of Ultimate Electronics and each of the other above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have been consolidated for procedural purposes only and are being jointly administered pursuant to an Order of this Court dated January 13, 2005.

4. No trustee or examiner has been appointed.

5. Upon information and belief, Ultimate Electronics has six (6) affiliated Debtors (the "Affiliates", and collectively with Ultimate Electronics, the "Company"). The Company is a leading specialty retailer of high-end home entertainment and consumer electronics with sixty-five (65) stores and employs more than 3,300 full and part-time employees.

## FORMATION OF THE COMMITTEE

6. On January 28, 2005, pursuant to Section 1102(a)(1) of the Bankruptcy Code, the United States Trustee ("U.S. Trustee") formed the Committee and appointed seven (7) members: Monster Cable Products, Inc./Monster LLC; Vertis, Inc.; Warrantech Consumer Product Services, Inc.; Sharp Electronics; Klipsch, LLC; Denon Electronics; and Directed Electronics/Definitive Technology.

## RETENTION OF HURON

7.  On February 3, 2005, the Committee selected Huron to serve as its financial advisor.

8.  The Committee respectfully submits that it is necessary and appropriate for it to employ and retain Huron to provide, among other things, those "Services" described in the engagement letter attached hereto as Exhibit A (the "Engagement Letter"), the general scope of which will include: support, analysis and advice to the Committee, its counsel and any other professionals that the Committee may retain with respect to the financial affairs, working capital requirements, forecasts of the Company, as well as with respect to intercompany activities, value transfers, cash management, the valuation of the Company, along with the analysis of its operations and assets under various scenarios, and the review, analysis and negotiation of any proposed plan of reorganization with respect to the Company that may affect the Committee's constituents. Huron will support the Committee in its negotiations in an effort to maximize recoveries for the Committee's constituents and to successfully conclude these bankruptcy proceedings. In performing its Services, Huron will endeavor to avoid unnecessary cost and/or expense, as well as duplication with the services provided by any other advisor to the Committee.

## RELIEF REQUESTED

9.  By this Application, and pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests the entry of an Order authorizing the retention and employment of Huron as its financial advisors, *nunc pro tunc* to February 3, 2005.

10. The Committee believes that Huron is well qualified to serve as its financial advisor. In making its selection, the Committee sought a financial advisor with considerable experience in

Chapter 11 reorganization cases and other debt restructurings and in representing unsecured creditors' committees and creditor interests, in particular. Huron has considerable experience in these areas and Huron professionals are currently representing or have represented official committees, the company and numerous retail clients in several significant bankruptcy proceedings, including, among others the following: (i) the official committees of unsecured creditors in, among other cases, those of Mirant Corporation, National Energy & Gas Transmission, Inc., Conseco Finance Corporation, Warnaco Group, Inc., Elantic Telecom, Inc., DirecTV Latin America LLC, and Magnatrax Corporation; (ii) the company in, among others, United Airlines (UAL), Global Crossing Limited, American Commercial Lines, LLC (ACL), Comdisco Holdings, Inc., Doctors Community Healthcare Corporation, American Trans Air (ATA), and Moltech Power Systems; and (iii) retail clients, among others, Caldor Corporation, Kmart Corporation, Federated Department Stores, 47st. Photo, Harvey Electronics and The Wiz.

11. The Committee requests that all fees and expenses incurred in connection with services rendered by Huron in these cases be paid as administrative expenses of the estates pursuant to, among others, sections 330(a), 331 and 503(b) of the Bankruptcy Code, and the applicable orders of this Court. Subject to the Court's approval, in accordance with the Engagement Letter, Huron will charge for its consulting services on a fixed fee basis and will charge its direct cost for the reasonable costs and expenses incurred by it in connection with the Services.

12. Upon information and belief, Huron does not represent and does not hold any interest adverse to Ultimate Electronics' estate or the interest of the creditors of Ultimate Electronics in the matters upon which Huron is to be engaged, as set forth in the annexed affidavit of Bennett Gross (the "Gross Affidavit"). However, Huron is a large firm with a national practice and, as

Electronics' creditors, affiliates or other parties-in-interest in matters wholly unrelated to Ultimate Electronics.

13. Therefore, upon information and belief, as set forth in the Gross Affidavit, Huron:

    (a)    does not hold or represent an interest adverse to Ultimate Electronics' estate;

    (b)    is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; and

    (c)    has no connection with the Ultimate Electronics, its creditors or other parties-in-interest in these cases.

14. As set forth above, Huron satisfies all the requirements for employment as financial advisors to the Committee under section 1103 of the Bankruptcy Code. Huron's financial advisory professionals are, in the Committee's view, highly skilled, have a broad, interdisciplinary practice, and are well qualified to serve as the Committee's financial advisors. Because of the extensive financial services that may be necessary in these cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Huron to provide the Services is appropriate and in the best interests of the unsecured creditors that the Committee represents.

## NOTICE

15. Notice of this Application has been given to (i) counsel to the Debtors, (ii) the office of the United States Trustee, (iii) counsel to the Pre-Petition Lender, (iv) counsel to the Post-Petition Lender, and (v) and those parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Committee respectfully requests entry of an Order authorizing it to retain and employ Huron as its financial advisor, effective *nunc pro tunc* to February 3, 2005, and granting the Committee such other and further relief as may be just and proper.

Dated: March 3 , 2005

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF ULTIMATE
ELECTRONICS, INC.

By:   Monster Cable Products, Inc.
Monster, LLC

By:   _____
David Pognotti
Co-Chairperson of the Committee

6